THE CREAMERY PACKAGE MANUFACTURING COMPANY, Appellants, v. DUNCAN & McHENRY, Respondents.

Kansas City Court of Appeals, May 3, 1909.

SALES: Deferred Payment: Subsequent Swap: Construction of Contract: Law and Fact. Defendants bought an engine from plaintiff and paid part down, the remainder to be paid in sixty days. Pending the sixty days they made another contract buying a different engine and putting the old one in at so much. Subsequently plaintiff brought suit for deferred payment on the first engine. The correspondence and contracts are construed and held:

(1) That the second contract did not release the deferred payment on the first engine.

(2) That the sales were separate and independent transactions and the second did not abrogate the first.

(3) That the court should have interpreted the contracts as a matter of law and not send an issue of fact to the jury.

Appeal from Gentry Circuit Court.—*Hon. William C. Ellison,* Judge.

REVERSED AND REMANDED (*with directions*).

*Aleshire & Gundlach* and *Showen & Robertson* for appellant.

(1) The letters introduced in evidence, bearing date of June 10th, and June 21, 1905, and marked Exhibits "E" and "F" were wholly incompetent and the court erred in permitting them to be read to the jury. (2) The contract of June 22, 1905, or rather the order signed by defendants, for the new engine, embraced all prior negotiations and contained all of the contract. McClurg v. Whitney, 82 Mo. App. 625; Harrington v. Brockman Com. Co., 107 Mo. App. 418; Howard v. Scott, 98 Mo. App. 509; Tuggles v. Callison, 143 Mo. 527; Pressed Brick Co. v. Barr, 76 Mo. App. 380. (3) At the close of the evidence, the court should have given plaintiff's instruction number 1, as under the law and the evidence and admissions in the answer, there was but one question involved, and that was that defendants owed $74.80. (4) It is a well-known proposition of law, and we hardly need to cite the authorities, that when a case depends upon a written contract, it is for the court to construe that contract, and to state what effect it has upon the issues involved. (5) This contract was not ambiguous, but was a plain proposition, submitted by defendants to plaintiff, signed by defendants, accepted and returned to plaintiff. Lime & Cement Co. v. Fire Proofing Co., 77 Mo. App. 21; Chaplin v. Railroad, 114 Mo. 542.

*W. F. Dalby,* for respondent, filed no brief.

JOHNSON, J.—This suit is on a written contract to recover $74.80 alleged to be due on the purchase price of a boiler sold and delivered by plaintiff to defendants. Plaintiff was a corporation doing business in Kansas City, and defendants were partners engaged in the laundry business at Stanberry. The sale was made on the following written order, signed by defendants:

"Creamery Package Mfg. Co.,     May 2, 1905.

"Kansas City, Mo.

"Please enter our order for the following to be shipped via Wabash, Duncan & McHenry, Stanberry, Mo., on, or about, at once at the prices and upon the terms herein specified.

"One 30″x7′ 12 h. p. vertical boiler complete with all castings and fittings including injector. 18 feet smokestack and guy wires 4 times the length of stack, f. o. b. Kansas City, $124.80.

"This boiler is guaranteed perfect in workmanship and material, and built for 100 lbs. working pressure.

"Terms $50 cash on arrival Stanberry. $74.80 60 days without interest. For which we agree to pay the sum of $124.80."

Plaintiff accepted and filled the order in accordance with its terms and defendants made the cash payment of $50. Shortly after the boiler was installed in the laundry, defendants discovered that it was too small and began corresponding with plaintiff about the purchase of a larger boiler, the price of which was $200. We quote the last letter of this correspondence written by defendants under date June 21, 1905:

"Replying to yours of the 19th inst. will say if you will ship us the 20 h. p. vertical boiler, f. o. b. Kansas City, and us send you the one we now have f. o. b. Stanberry, and furnish all fixtures and trimmings together with one short piece of smokestack so shaped as to fit in the one we now have, it need not be over four or five feet long, we will give the $140 as asked in your letter will pay $100 in ten days the other $40 in ninety days without interest. Now, I trust this will suit you, and if terms are accepted ship boiler at once, so we can get it by Monday. Then we can make the change and lose no time, this means the cancellation of the other contract. Write at once."

On the following day, June 22, defendants sent the following written order to plaintiff:

"Please enter our order for the following to be shipped via Wabash R. R. to R. P. Duncan and A. D. McHenry:

"On or about at once at the prices and upon the terms specified, viz.:

"1-86"x8' 0" Upright Tubular Steel Boiler with base, grates, hood, steam gauge, water gauge, gauge cocks, safety valve, blow off, check and stop valves and injector 1 pc. stack No. 16 iron, 12" diameter one end, 15" diam. at other end, 4' 0" long. F. O. B. Kansas City, Mo., $200.00.

"Terms—$100.00 cash in 10 days, $60.00 to be credited when your 30"x7' 0" boiler is received in Kansas City, Mo., $40.00 in 90 days from date to be covered by note bearing date of contract, no interest to maturity; 7 per cent interest after maturity.

"For which we agree to pay the sum of two hundred ($200.00) dollars.

"R. P. DUNCAN,
"A. D. McHENRY."

"Salesman: W. E. Kercheval.

This order was accepted by plaintiff, a new boiler was delivered, defendants returned the old boiler, for which they received credit for $60, and afterwards defendants paid plaintiff $140, the remainder of the purchase price of the new boiler.

Defendants allege in their answer that as part of the contract of sale of the second boiler, it was agreed that the remainder due on the purchase price of the first boiler should be cancelled. The letters of the parties written before the date of the last order are the only evidence to support this contention. The court thought these letters sufficient to raise an issue of fact to go to the jury and on behalf of defendants, instructed the jury that "if they believe from the evidence that, in the transactions involved in the purchase of the last boiler, the plaintiff agreed with defendants to discharge

or release them from the $74.80 indebtedness sued for and that such discharge or release formed a part of the consideration in the sale of the second boiler, then the jury should find for defendant." Thus instructed, the jury returned a verdict for defendants and the cause is here on the appeal of plaintiff.

The peremptory instruction asked by plaintiff should have been given. It is conceded that each boiler was delivered in accordance with the terms of the contract for its sale and that the only payment made by defendants under the first contract was the initial payment of $50. They owe $74.80 on the purchase price of that boiler and there is no proof of a subsequent discharge of that indebtedness. The two sales were not parts of the same transaction, but were separate and independent transactions and in the absence of express agreement to that effect, the second contract cannot be held to have abrogated the first. The second contract is in writing, is unambiguous and it fails to show an intention to release the obligation of defendants under the first contract. It is true the letter written by defendants on the preceding day expressed such intention on their part, but that letter as well as the remainder of the correspondence was merged in the written contract subsequently executed and cannot be employed to contradict or vary the terms of that contract which, as we have said, are free from ambiguity and appear to cover the whole transaction of the sale of the second boiler. The interpretation of written contracts of such character is a matter of law for the court, not an issue of fact for the jury. The instruction given at the instance of defendant was erroneous as was the refusal of the trial court to peremptorily direct a verdict for plaintiff.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff for $74.80, together with interest from the date of the commencement of the suit. All concur.